UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CHRIS BUFFORD,                          )
        Petitioner,                     )
                                        )
v.                                      )          NO. 2:07-CR-35
                                        )          NO. 2:09-CV-181
UNITED STATES OF AMERICA,               )
        Respondent.                     )

## MEMORANDUM OPINION

Chris Bufford ("petitioner" or "Bufford"), a federal prisoner, has filed a "Motion Under 28

U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," [Doc.

44]. Upon consideration, the Court has determined from the motion and the record of prior

proceedings that the petitioner is not entitled to relief and, therefore, no response from the

government is necessary and no evidentiary hearing is warranted. Rules 4(b) and (8)(a), Rules

Governing § 2255 Proceedings For The United States District Courts. For the reasons which follow,

the petitioner's § 2255 motion lacks merit and the motion will be DENIED.

Bufford was indicted on April 10, 2007, in a five count indictment which charged him with,

among other things, with distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C) (Count Four), [Doc. 1]. On August 17, 2007, petitioner entered into a plea agreement with

the United States, [Doc. 17], in which he agreed to plead guilty to Count Four of the indictment and

the government agreed to dismiss the remaining four counts of the indictment. Count Four of the

indictment carried a maximum of 30 years imprisonment. [1]  Pursuant to the plea agreement, the

Court accepted Bufford's guilty plea on October 15, 2007.

A presentence report ("PSR") was ordered by the Court.  The PSR established Bufford's

advisory guidelines range at 84 to 105 months imprisonment.  On February 7, 2008, petitioner filed

a notice of no objections to the PSR, [Doc. 20].  At a sentencing hearing conducted on April 1, 2008,

petitioner was sentenced to 84 months of imprisonment, [2]  the bottom of the guidelines range, to be

followed by six years of supervised release.  Judgment was entered on April 8, 2008, [Doc. 32].

Bufford filed a notice of appeal on April 17, 2008, [Doc. 35], and the United States Court of Appeals

for the Sixth Circuit, by order entered on August 7, 2008, dismissed the appeal based upon the

waiver of direct appeal contained in the plea agreement, [*See* Doc. 39].  The instant § 2255 motion

was then filed on August 25, 2009.

In his plea agreement, Bufford stipulated to the following facts to establish the required

factual basis for his guilty plea:

> On May 26, 2006, a confidential informant acting at the
> direction of the Johnson City Police Bureau Vice Unit, purchased
> one-tenth of a gram of cocaine base (crack) from the defendant,
> Christopher Bufford.  The informant met with the defendant at a
> crack house located at 812 Montgomery Street, Johnson City,
> Tennessee, that was operated by Marichal Hairston.  At the time of
> the transaction, the informant was wired with transmitting and
> recording devices and the transaction was monitored by Investigator
> Bill Mitchell and Investigator Norris with the Johnson City Police

---

[1]  The maximum term of imprisonment was 30 years because Bufford had a prior conviction for aggravated trafficking of cocaine in the Court of Common Pleas, Trumbull County, Ohio on January 10, 1996.

[2]  On July 13, 2011, Bufford filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 (parts A and C) to the United States Sentencing Guidelines.  His motion was granted on November 16, 2011, and his sentence reduced to a term of 70 months of imprisonment, the bottom of the new guidelines range applicable to Bufford, [Doc. 57].

Bureau. The crack cocaine was analyzed by the Tennessee Bureau of Investigation and was confirmed to be one-tenth gram of cocaine base.

For purposes of relevant conduct, the parties agree that the total amount of crack cocaine which the United States can prove as relevant conduct in this case is 15.2 grams of cocaine base or crack.

On January 10, 1996, Chris Bufford was convicted of aggravated trafficking of cocaine in the Court of Common Pleas, Trumbell County, Ohio.

[Doc. 17]. In his § 2255 motion, petitioner raises two general grounds of relief which he states as follows:

One: Amount of (cocaine base) is a tenth of a gram not (5 grams to be hear [sic] in Fed.) (Base level needed) to activate 5 yr. minimum. Believe case was states but I left state on the run so I believe they took state cases of guns in which I served time on in the state to get me in Fed but then dismissed guns & used them as inhancements [sic] along with drug cases there.

Two: Relevant conduct of another case in past was the grams used. I was told that this is okay. (By my lawyer). In which I believe he done a poor job because of I believe to be his first case. He filed motions that the judge said was irrelevant to my case so that was strange.
Also told me not to file because I thought my base level was wrong.

[Doc. 44]. The basis for petitioner's motion is difficult to ascertain but appears to be that he now objects to the quantity of crack cocaine used to calculate his guidelines range.

Bufford faces an initial insurmountable hurdle in this case in the form of the appellate and collateral attack waiver contained in his plea agreement. Paragraph 13 of petitioner's plea agreement provides:

13. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the

defendant's acceptance of responsibility for the offense(s), the defendant agrees not to file a direct appeal. Thus the defendant knowingly and voluntarily waives the defendant's right to appeal the conviction(s) and/or a sentence(s) imposed within the applicable guideline range as determined by the sentencing court in this case.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to appeal or collaterally attack the conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[Doc. 17, ¶ 13, p. 6]. The relief sought by petitioner is barred by this express waiver in his written plea agreement. The agreement specifically mentions motions filed pursuant to 28 U.S.C. § 2255, leaving no doubt that Bufford's waiver covers motions like this one.

"A defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). It has been specifically held that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta,* 480 F.3d 412, 422 (6th Cir. 2007); *See* also *Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006) ("plea-agreement waivers of § 2255 rights are generally enforceable," (citing *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). Our circuit follows this policy of enforcing plea waivers of such rights even when the section 2255 collateral attack is based on alleged ineffective assistance of counsel. *See Jones v. United States*, 120 Fed. App'x. 594, 596 (6th Cir.) *cert. denied*, 546 U.S. 955 (2005).

Moreover, to the extent that Bufford argues (and he does not clearly do so) that his plea was not knowing, intelligent and voluntary, and thus that his plea waiver of § 2255 rights does not exist, his argument has been squarely foreclosed by the prior decision of the Sixth Circuit. Bufford's

direct appeal was dismissed by the Sixth Circuit, granting the government's motion to dismiss based upon the waiver of appeal within the plea agreement. In concluding that the appeal must be dismissed, the Sixth Circuit specifically noted that the petitioner acknowledged at his change of plea hearing that he understood the waiver and that "[n]othing before the court would lead one to believe his plea was less than voluntary, or that there were any irregularities in the change of plea." [Doc. 39, p. 3]. Implicit in the Sixth Circuit's finding is that Bufford's plea was knowing, intelligent and voluntary. It is clearly settled that once an issue has been adjudicated on direct appeal, it cannot be revisited under the guise of a motion to vacate. *See Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974) *cert. denied*, 423 U.S. 861 (1975). Furthermore, even if not specifically raised on direct appeal, Bufford cannot now attack the voluntariness and intelligence of his guilty plea on collateral review for the first time. *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). To allow him to now do so would contravene the well-settled principle that habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Hampton*, 191 F.3d at 698 (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Accordingly, the Court must dismiss Bufford's § 2255 motion as barred by the valid waiver memorialized in his written plea agreement and need not consider any additional alternative grounds for dismissal.

For the reasons set forth herein, the Court holds that petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be DENIED and the case DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurors would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
